FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Malcom Maxwell Ryidu-X #273-575 (aka Richard I apex)
Maryland Correctional Institution-Hagerstown
18601 Roxbury Road
Hagerstown, Maryland 21746

_____

(Full name, prison identification
number and address of the plaintiff)

v.

Civil Action No. WDQ-14-1735
(Leave blank on initial filing to be filled in by Court.)

MARYLAND DIVISION OF CORRECTION
Gary D. Maynard, Secretary

300 E. Joppa Road, Suite 1000

Towson, Maryland 21286

_____

(Full name and address of the defendant(s))

## COMPLAINT

I.   **Previous lawsuits**

A.   Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

YES ☐     NO ☒

B.   If you answered YES, describe that case(s) in the spaces below.

1.   Parties to the other case(s):

Plaintiff: _____

Defendant(s): _____

WESTERN CORRECTIONAL INSTITUTION
J. Philip Morgan, Warden
13800 McMullen Highway
Cumberland, Maryland 21502


John Doe #One
(Inmate Commissary Supervisor)
Western Correctional Institution
13800 McMullen Highway
Cumberland, Maryland 21502


MARYLAND CORRECTIONAL Institution-HAGERSTOWN
Keith Lyons, Acting Warden
18601 Roxbury Road
Hagerstown, Maryland 21746


I. Crawford (Administrative Remedy Dept.)
MARYLAND CORRECTIONAL Institution-HAGERSTOWN
18601 Roxbury Road
Hagerstown, Maryland 21746


M. Reid, CCMSII
(Administrative Remedy Coordinater)
MARYLAND CORRECTIONAL Institution-HAGERSTOWN
18601 Roxbury Road
Hagerstown, Maryland 21746


KEEFE COMMISSARY NETWORK SALES
P.O. Box 17490
St. Louis, MO 63178-7490


Tony (last name unknown)
(Keefe Commissary Supervisor for MCIH)
(MARYLAND CORRECTIONAL INSTITUTION-HAGERSTOWN)
P.O. Box 17490
St. Louis , MO 63178-7490

John Doe #Two
(Keefe Employee who processes inmate requests)
at MCIH
KEEFE COMMISSARY NETWORK SALES
P.O. Box 17490
St. Louis, MO 63178-7490

2.      Court (if a federal court name the district; if a state court name the city or

county): _____

3.      Case No.: _____

4.      Date filed: _____

5.      Name of judge that handled the case: _____

6.      Disposition (won, dismissed, still pending, on appeal): _____

_____

7.      Date of disposition: _____

## II.     Administrative proceedings

A.      If you are a prisoner, did you file a grievance as required by the prison's
administrative remedy procedures?

YES ☒        NO ☐

1.      If you answered YES:

a.      What was the result? Complaint against DOC officials
found meritorious, but dismissed against Keefe
as lack of jurisdiction.
_____

b.      Did you appeal?

YES ☒        NO ☐

2.      If you answered NO to either of the questions above, explain why: _

_____

_____

III.    **Statement of claim**
(Briefly state the facts of your case. Include dates, times, and places. Describe what each defendant did or how he/she is involved. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

From April 27, 2013 through this 28th day of May 2014, with malicious aforethought, Maryland State prison officials and their civilian contractor (Keefe Commissary Network Sales) knowingly and intentionally subject the plaintiff, Malcom Maxwell Ryidu-X to **CRUEL AND UNUSUAL PUNISHMENT** by denying the plaintiff access to inmate commissary services to purchase personal hygiene and stationery materials, etc.

In background, during the last five (plus) years, these 3,4,6 or more month periods of cruel and unusual conditions have been repeatedly imposed upon the plaintiff in attempts to force the plaintiff to (willingly) forfeit his First Amendment Right ~~to adopt and use a religious name when seeking access~~ to prison services. These periods of "persuasion" now total approx. (TWO) years of illegal deprivation and inhumane treatment

In addition to depriving the plaintiff of his 1st and 8th Amendment protections in this present matter, Maryland State

continues....

IV.    Relief
(State briefly what you want the Court to do for you.)

1. Concur that Maryland State prison officials named herein

knowingly and intentionally violate the plaintiff's 1st Amendment

rights by denying him access to prison services due to the use

continues....

SIGNED THIS _28th_ day of, _May_ , _2014_

(original signature of plaintiff)

Malcom M. Ryidu-X #273575

MCIH, 18601 Roxbury Road

Hagerstownm, Maryland 21746

(address of plaintiff)

III. Statement of claim, page 2


prison officials also trample the plaintiff's 14th Amendment
right to **EQUAL TREATMENT AND EQUAL PROTECTION** BY allowing their
civilian contractor (Keefe Commissary Network Sales) to discrimi-
nate against the plaintiff and deny the plaintiff access to
inmate commissary services in the same manner inwhich they allow
inmates who choose to access this services under christian names.

**FACT:**

   Following several years of litigation and negotiation,
on/about 4/4/2013, the Maryland Division of Correction (by and
through their legal representative, The Attorney General of
Maryland) and the Plaintiff, Malcom Maxwell Ryidu-X (being
represented by attorneys: Steven H. Goldblatt and Rita K. Iomio
of the Georgetown University Law Center) signed a legally binding
settlement agreement set and approved before the United States
Court of Appeals for the Fourth Circuit in: Ryidu-X v. Wolfe,
Docket no. 12-6246, which guaranteed that Md. State prison
officials would no longer persecute and punish the plaintiff
in attempts to force the plaintiff to forfeit the right to use
his  name: Malcom Maxwell Ryidu-X in accessing prison services.


   However, through INMATE GRIEVANCE hearing no.: IGO 20131355,
dated: Oct. 16, 2013; Administrative Law Judge, Daniel Andrews
found it a factual claim that on April 27, 2013 (almost immediate
ly following the Court's dismissal of the plaintiff's petition
and acceptance of the settlement agreement) Md. State prison
officials at the Western Correctional Institution (WCI) begin
anew their abuse of the plaintiff in their demands that the
plaintiff discontinue the use of his legal and religious name
in acceessing inmates services, ie inmate commissary and financial
transactions.


**FACT:**

   On/about Dec. 17, 2013, the plaintiff was transferred from
WCI to the Maryland Correctional Institution-Hagerstown (MCIH)
for the placement on "Protective Custody". Upon his arrival
at MCIH, the plaintiff was informed by the reviewing Case Manage-
ment team that all institutional/inmate services would be denied
him if and whenever he attempted to access these services by
use of his legal and religious name: Malcom Maxwell Ryidu-X.

III. Statement of claim, page 3


At that time, the plaintiff's prisoner's ID card which identified him as: Malcom Maxwell Ryidu-X (aka) Richard Janey, was confiscated as contraband.


## FACT:

On 1/3/2014, MCIH Administrative Remedy Coordinator M. Reid) and ARP representative, I? Crawford knowingly and intention ally violated the plaintifff's religious right to the use of his name in accessing prison services, and also denied the plaint-iff access to the court by refusing to allow him to access the Administrative Remedy process due to the use of his anme: Malcom Maxwell Ryidu-X.
(See attachment #  )


## FACT:

On Jan 3,10,17,24&31, 2014; Keefe Commissary Network Sales (by and through it's employees servicing MCIH) did knowingly and intentionally deny the plaintiff access to inmate commissary serives due to the use of his legal and religioud name.

Following several informal complaints from the Assistant Attorney General (Ms. Lane-Weber) and Plaintiff's Attorney( Ms. Rita K. Iomio), the plaintiff was allowed to access inmate commissary services in the proper manner on two occations: Feb. 7&14, 2014. However, again, as soon as the pressure from these attorneys subsided, Maryland State prison officials and it's civilian contractor (Keefe Commissary Network Sales) redoubled their demands that the plaintiff discontinue the use of his name in accessing inmate services.In the words of one Case Man-ager:" If you know that they're going to mistreat you that way, and that there's nothing to be done to stop them, why not just use the name that they tell you to use?" As a result, this reign of religious terror and persecution included: The denial af access to inmate commissary service on: Feb. 21&28, 2014 and March 7,14,21&28, 2014.

Following more informal phone calls from the above named

III. Statement of claim, page 4


attorneys, the protective custody housing unit manager directly
requested and delivered the plaintiff's inmate commissary request
to Keefe commissary personnel and the plaintiff was granted
access to inmate commissary services on April 4, 2014 to make
a minor purchase of approx. $4.00.


   In direct conversation with Keefe Commissary Network SAles
representative and supervisor for MCIH (ie, Tony, last name
not given) plaintiff Malcom Maxwell Ryidu-X was "advised" to
use  the name: Richard Janey in all future requests for inmate
commissary services from Keefe. While returning the plaintiff's
prisoner ID card to him after failing to locate his weekly order,
representative/supervisor Tony stated:" What was your name before
all this crap!" After being informed that the information which
he sought was located on the back of his ID card, (Tony) replied:
"Then use it!!"

IV. Relief, page 2

of his legal and religious name: Malcom Maxwell Ryidu-X in access
ing prison services.

2.  Find that Maryland State prison officials knowingly
and intentionally violate the plaintiff's 14th Amendment right
to equal treatment and equal protection from abuse by allowing
their civilian contractor (Keefe Commissary Network Sales and
it's employees) to discriminate against the plaintiff and deny
the plaintiff access to prison services and personal hygiene
items because of his religious practices and choice of name.

3.  Find that the repeated and prolonged act of denying
the plaintiff access to personal hygiene materials (as a punish-
ment and means with which to force the plaintiff to forfeit
a Constitutionally protected right) does infact rise to the level
of Cruel and Unusual punishment.

4.  Find that when contracting with State prison officials
to provide basic inmate services- such as inmate commissary-
this civilian contractor (ie, Keefe Commissary Netwrk Sales)
is also obligated by law to respect the Constitutional right
of the inmates which they seek to provide this service.

5.  Find that Keefe and Maryland State prison officials
did and with malicious aforethought subject the plaintiff repeated-
ly to cruel and unusual punishment by denying the plaintiff
personal hygiene materials for the stated extended periods of
time.(ie, 2 out of the last 5 years)

6.  Find that inlight of these prison officials' repeated
illegal behaviors- which forces the plaintiff to continually
seek aide in the courts, attorneys, etc- the growing debts in
court filing fees, postage and other stationery cost repeatedly
incurred by the plaintiff is recoverable from the defendants
in this case,

IV. Relief, page 3

     7.  Find that, based on the clear and complete refusal
of the defendants in this case to abide by years of admonishment,
legal agreements and clear and undisputed law, the only way
inwhich to force the defendants in this case to respect that
law is to impose a significant punitive damage to discourage
future illegal and unconstitutional behaviors.

     8.  Plaintiff, Malcom Maxwell Ryidu-X prays that this
Honorable Court will decide to protect him from further abuse
because of his desire to practice his religion and grant him
the following:

    Punitive damages of: $10,000.00

    Compensatory damages of: $1,000.00

                    For a total of: $11,000.00